IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LETHERIA A WILLIAMS,

    Plaintiff,

v.                                              CASE NO. 4:10-cv-00001-MP-WCS

MICHAEL J ASTRUE,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 34, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be reversed and the case be remanded to the Administrative Law Judge to determine whether Plaintiff was disabled on the amended onset date based upon the residual functional capacity determined by Dr. Elzawahry on November 30, 2007.  The time for filing objections has passed, and none have been filed.

The plaintiff alleges disability due to a back disorder with herniated discs and disc disease, osteoarthritis, and knee disorder, with onset on May 12, 2005.  The Administrative Law Judge denied benefits finding that Plaintiff had the residual functional capacity to do a limited range of light work, can do several jobs identified by the vocational expert (general office clerk, packer, and dispatcher), and thus was not disabled.

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles.  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  "If the Commissioner's decision is supported by substantial

evidence we must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240, n. 8 (11th Cir. 2004) (citations omitted).

Plaintiff argues that the ALJ erred by relying upon the lay opinion of a "single decision maker," Adrian Owens Thomas.  Defendant acknowledges that the ALJ should not have relied upon a lay opinion from a state agency, but argues that it was proper for the ALJ to have relied upon the opinion of Dr. Steele, the non-examining state agency physician, rejecting the opinion of the treating physician, Dr. Elzawahry, and the evidence from Dr. Caldwell.  However, "[t]he opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987).  Furthermore, the opinion of Dr. Steele, who did not examine Plaintiff, was based upon an incomplete record and was not well supported by the reasons given.  Notably, Dr. Steele did not have Dr. Elzawahry's residual functional capacity assessment dated November 30, 2007.

The Court agrees with the Magistrate Judge that the findings of the Administrative Law Judge were not based upon substantial evidence in the record and did not correctly follow the law.  Specifically, the ALJ's determination that Dr. Elzawahry's opinion should be disregarded is not supported by substantial evidence when all of the evidence is considered.  Thus, a reversal and remand, under sentence four of 42 U.S.C. § 405(g) is appropriate.

A remand under sentence four is considered a final judgment.  *Bergen v. Commissioner*, 454 F.3d 1273 (11th Cir. 2006).  Thus, absent a court order stating otherwise, a successful Plaintiff's counsel would normally have fourteen days after the order of remand to file a motion with the District Court requesting an award of attorney fees. Fed. R. Civ. P.  54(d)(2)(B).  This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid

from Plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1).  *Bergen*, 454 F.3d at 1277-78.  However, Plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until after the Commissioner awards benefits, which typically takes longer than fourteen days after the entry of judgment.  Therefore, an extension of time to seek such fees is warranted, and was recommended by the *Bergen* opinion.  *Id*.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. This Clerk is directed to enter final judgment remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to determine whether Plaintiff was disabled on the amended onset date based upon the residual functional capacity determined by Dr. Elzawahry on November 30, 2007.

2. Pursuant to *Bergen*, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand.  The Plaintiff shall file a motion to award fees under 406(b) within 30 days after counsel receives notice from the Defendant Commissioner as to Plaintiff's past due benefits.

3. This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this   *31st*  day of May, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge